# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

KERRIE ANN MCCURLEY,

           Plaintiff,                        Civ. No. 3:15-CV-00524-PA

vs.                                                   **ORDER**

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.

---

PANNER, District Judge.

Kerrie Ann McCurley ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding her not disabled under Titles II and XVI of the Social Security Act. For the reasons below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

## BACKGROUND

Born in June 1968, Plaintiff was 39 years old on the alleged disability onset date of May 23, 2008. Tr. 19, 32, 212, 220. Plaintiff speaks English and has at least a high school education. Tr. 32, 216. In April 2012, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income. Tr. 19, 212-14, 220-24. Both claims were denied initially on May 31, 2012, and upon reconsideration on November 26, 2012. Tr. 19, 77-96, 97-134. Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). Tr. 161. After an

administrative hearing held on January 9, 2014, ALJ Paul G. Robeck issued a decision finding

Plaintiff not disabled. Tr. 19-36. The Appeals Council denied Plaintiff's request for review,

making the ALJ's decision the final Agency decision. Tr. 1-3; 20 C.F.R. § 422.210.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which ... has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §

423(d)(l)(A). "Social Security Regulations set out a five-step sequential process for determining

whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v.*

*Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§

404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of

questions:

1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§
     404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
     significant mental or physical duties done or intended to be done for pay
     or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing
     such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§
     404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
     substantial gainful activity, the analysis proceeds to step two.

2.   Is the claimant's impairment "severe" under the Commissioner's
     regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
     expected to result in death, an impairment is "severe" if it significantly
     limits the claimant's physical or mental ability to do basic work activities.
     20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
     or must be expected to last for a continuous period of at least 12 months.
     20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
     impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
     416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
     proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the
     impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
     then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);

416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

However, "[a] finding of 'disabled' under the five-step inquiry does not automatically

qualify a claimant for disability benefits." *Bustamante*, 262 F.3d at 954. "Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits 'if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting 42 U.S.C. §423(d)(2)(C)). "[T]he ALJ must conduct a drug abuse and alcoholism analysis ('DAA Analysis') by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Id.* at 747 (citing 20 C.F.R. § 404.1535(b)). If a claimant's remaining limitations are still disabling, the claimant's drug addiction or alcoholism is not a contributing factor material to her disability. *Id.* Conversely, if the claimant's remaining limitations are not disabling, claimant's substance abuse is material and benefits must be denied. *Id.*

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity since her alleged onset date of May 23, 2008. Tr. 21. Nevertheless, the ALJ made alternate findings at the steps two through five. Tr. 22-36. At step two, the ALJ found that Plaintiff had the following severe impairments: polysubstance dependence, methamphetamine-induced systolic heart failure, trochanteric bursitis and osteomyelitis, depression, and pain disorder. Tr. 22. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 22-24.

In assessing Plaintiff's RFC, the ALJ found that Plaintiff had the ability to perform sedentary work, except she cannot perform more than occasional postural activities and must avoid concentrated exposure to hazards. Tr. 24-32. The ALJ also found that Plaintiff can perform unskilled work. *Id.*

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 32. At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform jobs that exist in significant numbers in the national economy. Tr. 32-33. The ALJ therefore concluded that Plaintiff was disabled, but that her alcohol and drug use were contributing factors. *Id.*

Accordingly, the ALJ conducted a DAA Analysis. Tr. 33-36. The ALJ found if Plaintiff stopped her substance use, her remaining limitations would cause more than a minimal impact on her ability to perform basic work activities, therefore Plaintiff would continue to have a severe impairment or combination of impairments. Tr. 33. Next, the ALJ determined if Plaintiff stopped the substance use, her impairments would not meet or medically equal a listed impairment. Tr. 33. The ALJ found if Plaintiff stopped the substance use, she would have the RFC to perform sedentary work with the following limitations: "she can occasionally climb, bend, stoop, kneel, crouch, and crawl," she "must avoid concentrated exposure to hazards," and she "can perform no more than semiskilled work." Tr. 33-35.

At the next step, the ALJ found in the absence of substance use, Plaintiff would continue to be unable to perform her past relevant work. Tr. 35. Finally, the ALJ found, based on the testimony of the VE, if Plaintiff stopped her substance use, there would be a significant number of jobs in the national economy that Plaintiff could perform, including charge account clerk and document preparer. Tr. 35-36. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 36.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) failing to provide substantial evidence in support of his step one finding, and (2) incorrectly formulating her RFC assessment. Pl.'s Br. 5-10.

I.     **The ALJ Failed to Provide Substantial Evidence to Show Plaintiff Engaged in Substantial Gainful Activity at Step One**

Plaintiff contends the ALJ did not provide substantial evidence to show she had engaged in substantial gainful activity. *Id.* at 5-6. Specifically, Plaintiff argues the ALJ failed to make findings regarding "the kind of work he assumed she was doing," whether it was "the kind of activity that would normally be done for pay or profit," and overall "made no findings as to the amount of income [he] presumed she was receiving." *Id.* at 6.

The Commissioner concedes that the ALJ erred at step one. Def.'s Br. 2. However, the Commissioner argues this error is harmless because the ALJ continued the disability analysis. *Id.* An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The Court agrees that the ALJ erred at step one. Namely, the ALJ merely presumed that Plaintiff was "likely doing some activity to obtain money in order to pay for drugs and to gamble," but did not then refer to any evidence of record demonstrating that Plaintiff was working, at substantial gainful levels or otherwise. Tr. 22. However, this error is harmless because the ALJ continued with the sequential evaluation. Tr. 22-36.

II.    **The ALJ Reasonably Formulated Plaintiff's RFC**

Plaintiff contends the ALJ failed to adequately account for her mental impairments in her "sober RFC,"[1] specifically with respect to her moderate difficulties in concentration, persistence, and pace. Pl.'s Br. 6-9. Plaintiff argues, "it is impossible to determine from the decision how a limitation to semi-skilled work is supposed to account for such moderate limitations," in light of the fact that "the skill level of an occupation is not a quantification of function, but rather a

---

[1] Plaintiff refers to the RFC assessment done as part of the DAA Analysis as the "sober RFC." Pl.'s Br. 7. I will adopt this terminology for ease of reference.

description of the length of time required to learn an occupation." *Id.* at 7-8, (citation omitted). For this reason, Plaintiff argues, "[t]he ALJ failed to address any of the actual work functions specified in 20 C.F.R. [404.]1545(c)" (which describes how to assess a claimant's mental abilities).[2] *Id.*

The RFC is defined under the Social Security regulations as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 404.1512(a). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." *Reddick v. Chater,* 157 F.3d 715, 724 (9th Cir. 1998) (citation omitted). The Commissioner will assess the RFC based on "all of the relevant medical and other evidence" and will "consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations," and "descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons." 20 C.F.R. §§ 404.1545(a)(3), 404.1512(c), 404.1513. An ALJ's assessment of a claimant adequately captures an impairment in concentration, persistence or pace where the assessment is consistent with restrictions identified in the medical testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

As the ALJ denoted, Plaintiff sought very little treatment for her allegedly disabling mental health impairments during the relevant time period. Tr. 28. Indeed, Plaintiff's care was

---

[2] I note that the ALJ's inclusion of semi-skilled work appears to be a transcription error. Namely, the dispositive hypothetical question posed to the VE limited Plaintiff to unskilled work. Tr. 69-70. By extension, the representative occupations on which the ALJ based step five of his DAA Analysis are all unskilled. Tr. 35. Thus, as Plaintiff acknowledges, this error was harmless. Pl.'s Reply Br. 2. Accordingly, this case hinges on whether the record supports the ALJ's conclusion that Plaintiff can perform unskilled work despite her mental impairments.

centered around her polysubstance issues, osteomyelitis of her hip, heart problems, and chronic pain. *See, e.g.*, Tr. 349-61, 454-508, 514-18, 535-1190. As such, between 2007 and 2009, Plaintiff did not obtain any regular mental health treatment, undergoing only one psychological evaluation by Sarah Schaffer, Ph.D. Tr. 362-67. Plaintiff next sought sporadic treatment for a period in 2010, when she reported symptom improvement with medication. Tr. 502-08. Thereafter, Plaintiff did not have any psychiatric care until October 2012, when she was evaluated by Jane Starbird, Ph.D. Tr. 519-25. Plaintiff did not describe any additional mental health symptoms until April 2013, when "she said that she felt depressed because of pain." Tr. 29, 1150. The Court agrees with the ALJ that this evidence does not indicate that Plaintiff's mental impairments significantly limited her ability to function on a sustained basis in the workplace.

Further, the ALJ noted essentially unremarkable clinical findings associated with Plaintiff's mental health impairments. Tr. 28-30. Although Plaintiff's medical records indicate a history of depression, the two mental health evaluations she received from by Dr. Schaffer and Dr. Starbird show unremarkable findings. Tr. 349-67, 454-508, 514-25, 535-1190. Upon examination in February 2009, Dr. Schaffer found Plaintiff was "alert, attentive, and engaged," and her memory "was grossly intact and thought processing was logical and goal directed although the [Plaintiff]'s affect appeared depressed." Tr. 362-67. Dr. Schaffer overall noted a "prominent reciprocating cyclic relationship between her current drinking behaviors, depressed mood, chronic pain, and functional status." Tr. 366-67. Thereafter, when Plaintiff was seen by Dr. Starbird in October 2012, she found Plaintiff's "thought process were not well organized," but that Plaintiff was "well engaged in the interview and her speech was normal, but at times she digressed or got off topic." Tr. 523. Additionally, Dr. Starbird noted that Plaintiff reported "she

Page 9 - ORDER

had some difficultly completing tasks, but had been that way her whole life." Tr. 521. The Court finds the ALJ reasonably concluded that "the findings noted by Dr. Starbird are similar to those in Dr. Shaffer's (sic) earlier evaluation, and are consistent with an ability to perform unskilled tasks." Tr. 29.

In addition, Plaintiff's medical records indicate her mental health symptoms were largely controlled by medication. Tr. 340-48, 502-08, 1150. The Court agrees with the ALJ's finding that Plaintiff's "records show that the [Plaintiff]'s mental health symptoms were minimal and largely controlled by medication alone. They do not support debilitating symptoms or limitations." Tr. 29.

Finally, the ALJ found Plaintiff's activities of daily living were consistent with her limitation to unskilled work. Tr. 28-32, 33-35. In a Function Report from June 5, 2012, Plaintiff reported no problems with her personal care, and additionally told Dr. Starbird that she was "independent in her bathing and grooming activities," and enjoyed preparing meals. Tr. 295-302, 522. In October 2010, Plaintiff reported she was going to school to become a nanny, and in March 2011 was in school full-time. Tr. 423, 454. The Court agrees with the ALJ that Plaintiff's reported activities of daily living, in combination with the evaluations of her examining medical providers, show her mental health limitations do not significantly affect her ability to function on a sustained basis in the workplace.

In sum, although the ALJ found at step three of his DAA Analysis that Plaintiff continued to have moderate limitations in concentration, persistence, and pace even without her substance use, he reasonably assessed the medical evidence to determine Plaintiff's "sober RFC." Tr. 33-35. Specifically, he relied on substantial evidence that showed Plaintiff retained the ability to perform unskilled work in light of her minimal mental health symptoms. Indeed, outside of

Plaintiff's subjective symptom statements, which the ALJ found less than fully credible (a finding that Plaintiff does not challenge on appeal), there is no evidence from a treating or examining source indicating that Plaintiff is incapable of performing work consistent with the "sober RFC." The ALJ's decision is upheld as to this issue.

## CONCLUSION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this ___13___ day of July, 2016.

OWEN M. PANNER
United States District Judge